[53 NYS3d 372]

In the Matter of KATHY DIANNE BAILEY, an Attorney, Respondent.

Second Department, May 3, 2017

## APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Sasha N. Holguin* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

The respondent was admitted to the District of Columbia bar on June 3, 1996.

On May 17, 2016, a hearing was held before the District of Columbia Court of Appeals Board on Professional Responsibility Hearing Committee Number Five (hereinafter Committee) on an amended petition for negotiated discipline (hereinafter petition). The Committee filed a report dated August 3, 2016 (hereinafter Committee report), in which it recommended that the negotiated discipline be approved, and that the District of Columbia Court of Appeals impose a two-year suspension with the requirement that the respondent establish her fitness to practice law before reinstatement.

The underlying facts, as revealed in the Committee report, briefly summarized, are as follows: The respondent is the founder and managing partner at Bailey Law P.C., which was established in 1998. The respondent employed experienced attorneys and a clerical staff at her firm. The respondent was the managing partner for the firm, and was responsible for, among other things, the firm's bank and bookkeeping practices and bank accounts. At all relevant times, the respondent maintained both an operating account and two trust accounts, and she was the sole signatory on all accounts.

From November 2011 through February 2012, the respondent received retainers for three separate client matters totaling $83,000, which were wired into her operating account. In all three matters, the respondent admitted that she was required to transfer the retainer funds into her trust account, but failed to do so. By leaving client funds in the operating account, the respondent engaged in commingling. While the respondent was entrusted with client funds, the balance in the respondent's operating account fell below the amount she was required to hold in trust for each client. Additionally, the respondent failed to maintain a check register and client ledgers that accurately reflected the transactions in one of her trust accounts, inasmuch as those records neither reflected payments received from clients, nor contained sufficient information to identify the nature or purpose of the funds transferred into or from the account.

The Committee considered, as aggravating factors, the respondent's violation of multiple ethical rules and that her

misconduct involved several clients. As to mitigation, the Committee noted that the misconduct occurred during a discrete six-month period, the respondent cooperated with disciplinary counsel, and she has no prior disciplinary history and took full responsibility, and the Committee agreed that the aggravating factors supported the imposition of a fitness requirement.

In recommending that the negotiated discipline be approved, the Committee found that the respondent knowingly and voluntarily acknowledged the facts and misconduct reflected in the petition, and agreed to the negotiated sanction; that the facts set forth in the petition, as amplified by the hearing, support her admission of misconduct and the negotiated sanction; and that the sanction is justified.

As reflected in the order of the District of Columbia Court of Appeals filed September 15, 2016, the violations of professional misconduct stem from the respondent's "negligent misappropriation of funds belonging to three clients, failure to supervise staff, and failure to maintain adequate records of client funds" (146 A3d 384, 384 [DC 2016]). Specifically, the respondent acknowledged the following professional misconduct:

> "that she (1) negligently misappropriated funds belonging to her firm's clients; (2) failed to hold client funds and third-party funds separate from the firm's funds; (3) failed to maintain adequate records of client funds; (4) failed to make reasonable efforts to ensure her firm had in effect measures giving reasonable assurance that all lawyers in the firm conformed to the District of Columbia Rules of Professional Conduct ('the Rules'); (5) was responsible for another lawyer's violation of the Rules; (6) failed to make reasonable efforts to ensure her firm had in effect measures giving reasonable assurance that the conduct of all nonlawyers in the firm was compatible with the professional obligations of a lawyer; and (7) supervised a nonlawyer but failed to make reasonable efforts to ensure that the person's conduct was compatible with the professional obligations of a lawyer, thereby violating Rules 1.15 (a), 5.1 (a) & (c), and 5.3 (a) & (b) of the Rules, and D.C. Bar Rule XI, § 19 (f)" (*id.* at 384-385).

In view thereof, and upon the record, the District of Columbia Court of Appeals determined that the negotiated discipline was

appropriate, accepted the Committee's recommendation, and imposed a two-year suspension from the practice of law, with reinstatement being conditioned upon the respondent demonstrating her fitness to practice law.

Although the respondent was duly served with this Court's order to show cause dated November 28, 2016, she has neither interposed any response thereto, nor requested additional time to respond. Accordingly, there is no impediment to the imposition of reciprocal discipline.

Based upon the misconduct underlying the order of the District of Columbia Court of Appeals filed September 15, 2016 (146 A3d 384 [DC 2016]), we find that the respondent's conduct warrants her suspension from the practice of law for a period of two years.

ENG, P.J., RIVERA, DILLON, BALKIN and LASALLE, JJ., concur.

Ordered that pursuant to 22 NYCRR 1240.13 (c), the respondent, Kathy Dianne Bailey, is suspended from the practice of law for a period of two years, commencing June 2, 2017, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than December 2, 2018. In such application (*see* 22 NYCRR 1240.16, 691.11), the respondent shall furnish satisfactory proof that during the period of suspension she: (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (*see* 22 NYCRR 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (a), and (4) otherwise properly conducted herself; and it is further,

Ordered that the respondent, Kathy Dianne Bailey, shall promptly comply with the rules governing the conduct of disbarred or suspended attorneys (*see* 22 NYCRR 1240.15); and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Kathy Dianne Bailey, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Kathy Dianne Bailey, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 1240.15 (f).